## Case No. 5,181.

In re GAINEY.

[2 N. B. R. (1869) 525 (Quarto, 163).] [1].

District Court, North Carolina.[2]

[1] [Reprinted by permission.]
[2] [District not given.]

J. W. Hinsdale, for bank.

BROOKS, District Judge. The question presented by the certificate of Mr. Register Guthrie in this case, is the same presented from the Fourth district, in Re Harris [unreported], and in Re Farish [Case No. 4,647], and which have been fully answered by the opinion filed in the latter case. It is not necessary that I should repeat the same now. By the assignment of the register to the assignee of the bankrupt, Gainey, the title to the real estate attempted to be exempted passed to said assignee; the attempt to exempt was ineffectual; the title then remains in the assignee, and will so remain until the same shall be conveyed or divested in some one of the ways provided by law.

It is not required that exception shall be filed, and within the time prescribed, to the report of the assignee, to defeat the allotment of real estate as an exemption in this case. It would be otherwise if this exception was as to the value of articles comprehended by the terms "household or kitchen furniture, or other articles of necessaries." These exceptions must be made in the way, and also in the time, prescribed. But if an attempt be made to exempt a species of property which cannot be exempted (as real estate in the district of North Carolina, which was not saved from exemption by the laws in force in 1864), then no exception need be taken to the report of the assignee making such exemptions. But creditors may except to the account of such assignee, if he omits to account for the value of such property.